IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED FARM FAMILY INSURANCE CO., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) | C.A. No. 06-282 Erie |
|  | ) | Judge McLaughlin |
| LEWIS ORTON, individually and d/b/a ORTON'S FRUIT FARM, ORTON, MARK FARM, INC., MARILYN ORTON, MARK L. ORTON, MICHELLE MUNGO AND DAVID MUNGO, | ) ) ) ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION

McLAUGHLIN, SEAN J., J.

This matter is before the Court upon Plaintiff's Motion for Summary Judgment.

### I. BACKGROUND

The following facts are undisputed. On September 4, 2004, Defendants Michelle and David Mungo were injured when their vehicle was struck by a 2003 Dodge Caravan owned by Defendant Lewis Orton and operated by his son, Defendant Mark L. Orton. (Complaint ¶¶8-9). At the time, Mark Orton was using the automobile to make a bank deposit for his father's business. (Id. ¶ 15). Defendants Michelle and David Mungo filed suit as a result of their injuries. (Id. ¶ 10). Defendants Lewis Orton, individually and d/b/a Orton's Fruit Farm, Orton, Mark Farm, Inc., and Marilyn Orton (collectively, the "Insured Defendants") requested coverage under the three policies that they hold through Plaintiff United Farm Family Insurance ("United Farm"): a Commercial Auto Policy, a Business Advantage Special policy, and a Special Farm Package policy. (Id. ¶ 11).

1

Plaintiff, for reasons discussed below has filed a Complaint for Declaratory Judgment pursuant to the Declaratory Judgement Act, 42 Pa. C.S.A. 1601, seeking a determination that it is not obligated to indemnify the Defendants under any of the three policies. On August 24, 2007, Plaintiff moved for summary judgment. On October 16, 2007, Defendants jointly responded to the motion. On November 5, 2007, Plaintiff filed a reply. This matter is ripe for review.

## II. STANDARD FOR REVIEW

The standard for summary judgment in a declaratory judgment action is the same as for any other type of relief. Tranguard Ins. Co. of America, Inc. v. Hinchey, 464 F.Supp.2d 425 (M.D. Pa. 2006) (citing Cloverland-Green Spring Dairies, Inc. v. Pa. Milk Marketing Board, 298 F.3d 201, 210 n. 12 (3rd Cir. 2002)). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In order to withstand a motion for summary judgment, the non-moving party must "make a showing sufficient to establish the existence of [each] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In evaluating whether the non-moving party has established each necessary element, the Court must grant all reasonable inferences from the evidence to the non-moving party. Knabe v. Boury Corp., 114 F.3d 407, 410, n.4 (3d Cir. 1997) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)). "Where the record taken as a whole could not lead a reasonable trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. (quoting Matsushita, 475 U.S. at 587).

## III. ANALYSIS

The interpretation of an insurance policy is a question of law for the court. Reliance Insurance Co. v. Moessner, 121 F.3d 895, 900 (3rd Cir.1997); Standard Venetian Blind Co. v.

American Empire Insurance Co., 503 Pa. 300 (1983). Construing an insurance policy requires the court to ascertain the intent of the parties as manifest by the language used in the written agreement. Riccio v. American Republic Ins. Co., 550 Pa. 254 (1997). The policy is to be read as a whole and the intent of the parties is to be ascertained from the entire instrument. Id. at 426 (citing Smith v. Cassida, 403 Pa. 404 (1961)). "When the policy language is clear and unambiguous, the court must give effect to the language in the contract." Id.; see also The Medical Protective Co. v. Watkins, 198 F.3d 100, 103 (3rd Cir.1999) (citing Standard Venetian Blind Co., 469 A.2d at 566). Where, however, the policy is ambiguous, the clause giving rise to the ambiguity must be construed in favor of the insured. The Medical Protective Co., 198 F.3d at 103; Reliance Ins. Co., 121 F.3d at 900-01; Riccio, 705 A.2d at 426; Standard Venetian Blind, 469 A.2d at 566. In ascertaining the intent of the parties the court is to interpret the policy with an eye toward avoiding ambiguities and giving effect to all of the provisions in the policy. The Medical Protective Co., 198 F.3d at 103 (citing Little v. MGIC Indemnity Corp., 836 F.2d 789, 793 (3d Cir.1987)). "Contractual terms are ambiguous if they are subject to more than one reasonable interpretation when applied to a particular set of facts," however, "the court is not permitted to distort the meaning of the language or employ a strained contrivance in order to create an ambiguity." USX Corp. v. Adriatic Insurance Co., 99 F.Supp.2d 593, 609 (W.D. Pa. 2000) (quoting Madison Construction Co. v. Harleysville Mutual Ins. Co., 557 Pa 595, 735 A.2d 100, 106 (1999)).

With these principles in mind, we consider each of the relevant insurance policies in turn.

### A.     The Commercial Auto Policy

Pursuant to the Commercial Auto Policy, coverage is only available for bodily injury resulting from an incident concerning a "covered auto" owned by the Insured Defendants. (Complaint, Exhibit B). It is undisputed that the Mungos suffered injury as a result of an automobile accident involving a 2003 Dodge Caravan driven by Defendant Mark Orton. However, Plaintiff asserts that the 2003 Dodge Caravan is not a "covered auto" under the terms of the Commercial Auto

policy because, while the policy identifies two other vehicles in the section detailing "covered autos" - a 1986 Dodge van and a 1988 GMC van - it does not list the 2003 Dodge Caravan anywhere in the policy. (Complaint, Ex. B).

Defendants admit that the 2003 Dodge Caravan is not listed in the policy, but argue that the system of symbols used in the Commercial Auto policy to designate coverages creates an ambiguity which innures to the Defendant's benefit. Further explication of the Defendants' position requires, in the interest of clarity, that the relevant portions of the policy be set forth. The Business Auto Coverage Form provides as follows:

| Symbol | Description Of Covered Auto Designation Symbols | |
|---|---|---|
| 1 | Any "Auto" | |
| 2 | Owned "Autos" Only | Only those "autos" you own (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 3 | Owned Private Passenger "Autos" Only | Only the private passenger "autos" you own. This includes those private passenger "autos" you acquire ownership of after the policy begins. |
| 4 | Owned "Autos" Other Than Private Passenger "Autos" Only | Only those "autos" you own that are not of the private passenger type (and for Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" not of the private passenger type you acquire ownership of after the policy begins. |
| 5 | Owned "Autos" Subject To No-Fault | Only those "autos" you own that are required to have No-Fault benefits in the state where they are licensed or principally garaged. This includes those "autos" you acquire ownership of after the policy begins provided they are required to have No-Fault benefits in the state where they are licensed or principally garaged. |
| 6 | Owned "Autos" Subject To A Compulsory Uninsured Motorists Law | Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those "autos" you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement. |
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
| 8 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 9 | Nonowned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs. |

The portion of the policy styled "Owned Autos You Acquire After The Policy Begins" states in pertinent part:

1. If Symbols **1, 2, 3, 4, 5 or 6** are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

2. But, if Symbol 7 is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:
   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and
   b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage.

(Complaint, Exhibit B, p. 5). Finally, the relevant Declarations page appears as follows:

[Declarations page image showing Form of Named Insured Business: INDIVIDUAL; Name of Insured Business: FARMER; Item Two Schedule of Coverages and Covered Autos, with Symbol 7 entered for each coverage (Liability, First Party Benefits, Uninsured Motorists, Underinsured Motorists, Physical Damage Comprehensive, Collision); Auto 1 and Auto 2 premiums listed; Item Three Schedule of Covered Autos You Own lists GMC Cube Van and Dodge Van; Drivers: Lewis Orton, Marilyn Orton, Matthew Orton, Mark L. Orton; Transaction Charge $1,022.12; Process Date 05/21/04.]

Defendants argue that because the symbols 2 and 3 appear in the right hand margin adjacent to the 1986 Dodge van and the 1988 GMC van, an ambiguity exists such that the 2003 Dodge Caravan should be covered as an after-acquired vehicle. We disagree.

The previously cited portions of the policy clearly require that a symbol between 1-6 be entered "next to a coverage in Item Two of the Declarations" in order to have "coverage for 'autos' that you acquire of the type described for the remainder of the policy period." However, symbol 7 appears in Item Two under the heading "symbol for covered autos" with regard to autos one and two (ie, the 1988 GMC van and the 1986 Dodge van). When a Symbol 7 is entered next to a coverage in Item Two, then the policy provides that a newly acquired vehicle is only covered if 1) the Plaintiff already covers all autos owned by the insured for that coverage, or the new vehicle replaces an auto the insured previously owned; **and** 2) the insured notifies the Plaintiff within 30 days of acquiring the vehicle that the insured desires coverage. It is undisputed that Lewis Orton did not notify the Plaintiff of the acquisition of the 2003 Dodge Caravan within 30 days of its purchase. (Orton Affidavit, ¶ 6). Nor did he advise Plaintiff that he desired coverage for that vehicle. Having carefully reviewed the policy as well as the Declarations page, we find no ambiguity. In the absence of an ambiguity in the policy, Orton's affidavit wherein he expresses a belief that the 2003 Dodge van was covered is irrelevant. The 2003 Dodge van was not a "covered auto" at the time of the accident underlying this action.

### B. The Business Advantage Special Policy

The Business Advantage policy in effect at the time of the accident states that insurance coverage applies to "bodily injury" or "property damage" that occurs during the policy period and is caused by an "occurrence" in the "coverage territory." (Complaint, Exhibit C, Section (A)(a)(b)(1)). "Bodily injury" is defined in Section (F)(3) as "bodily injury, sickness or disease sustained by a person."

However, exclusion "g" of the Business Advantage policy provides that the policy does not cover "bodily injury arising out of the ownership, maintenance, use or entrustment to others of any aircraft, auto or water craft owned or operated by or rented or loaned to any insured." (Complaint, Ex. C., Section (A)(3)(g)).  Because the injury occurred while Mark Orton was using an automobile to make a bank deposit for his father's business, Plaintiff contends that exclusion "g" bars coverage.

The Defendants' argument as to the partial inapplicability of the exclusion is somewhat "novel" and, rather than paraphrase it, we think it best to quote it verbatim:

> [T]he Business Advantage policy defines "bodily injury" only as bodily injury, sickness, or disease sustained by a person (Section (F)(3)). As is clear from the underlying complaint the Mungos filed in Erie County, and as was filed with and incorporated into the complaint United Farm filed in this matter, the Mungos' claims against the Ortons are well beyond the limited definition of "bodily injury" under Section (A)(3)(g) of the Business Advantage policy. Whereas the policy only excludes coverage only for "bodily injury" as defined by the policy itself – and whereas the same is limited to bodily injury, sickness, or disease – the Mungos' claims as set forth in their complaint include, but are not limited to, the following:
>
> · Michelle Mungo's loss of past and future income and impairment of her earning capacity
>
> · Michelle Mungo's embarrassment and humiliation, loss of the ability to enjoy the pleasures of life, and disfigurement, and loss of her husband's affection, society, comfort and services.
>
> · David Mungo's embarrassment and humiliation, and the loss of his wife's affection, society, comfort and services.
>
> · David Mungo's loss of income arising from his inability to work.
>
> Thus, the Mungos' claims are more broad than the narrow confines of the Section (A)(3)(g) exclusion from coverage, and the exclusion cannot be applied so as to deny coverage for the claims beyond that exclusion. As such, United Farm must provide coverage to the Ortons for the claims of the Mungos in the underlying complaint, and this Court, in interpreting the terms of the Business Advantage policy, including the narrow claims exclusion set forth by Section (A)(3)(g), must likewise declare that coverage must be extended.

(Defendants' Response in Opposition, p. 11).

The short answer to the Defendants' argument is that the discrete items of damage which the Defendants contend may be recovered notwithstanding the bodily injury exclusion are simply the natural sequelae of the underlying bodily injury. In short, the term "bodily injury" necessarily includes all damages (economic or otherwise) proximately caused thereby.

### C. The Special Farm Package Policy

The Special Farm Package policy contains a bodily injury exclusion for motor vehicles similar to that of the Business Advantage policy. The relevant section excludes from coverage "bodily injury/property damage or medical expense arising from the ownership, maintenance, operation, use, loaning, renting, entrustment, supervision, occupancy, loading or unloading of . . . motor vehicles." (Complaint, Exhibit D, Division V, Section A, exclusion 10). Defendants raise the same argument as to the inapplicability of the exclusion as they did relative to the Business Advantage Policy. For the reasons previously discussed, this argument fails and we find the bodily injury exclusion applicable.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment is GRANTED.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED FARM FAMILY INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 06-282 Erie |
| | ) | Judge McLaughlin |
| LEWIS ORTON, individually and d/b/a ORTON'S | ) | |
| FRUIT FARM, ORTON, MARK FARM, INC., | ) | |
| MARILYN ORTON, MARK L. ORTON, | ) | |
| MICHELLE MUNGO AND DAVID MUNGO, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

AND NOW, this 19th day of March, 2008, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that Plaintiff United Farm Family Insurance Co.'s Motion for Summary Judgment is GRANTED. Judgment is entered in favor of Plaintiff and against Defendants.

/s/ Sean J. McLaughlin
United States District Judge

cm: All parties of record. ___